UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL PARLIN, : | |
| Plaintiff, : | Civil No. 12-4378 (JBS) |
| v. : | |
| : | **MEMORANDUM AND ORDER** |
| CHRISTOPHER HOLMES, et al., : | |
| Defendants. : | |

IT APPEARING THAT:

1. Plaintiff Michael Parlin, currently confined at South Woods State Prison in Bridgeton, New Jersey, has filed with this Court what he has termed an Order to Show Cause and Temporary Restraining Order regarding use of musical instruments at South Woods State Prison.  Mr. Parlin did not pay the filing fee or submit an application to proceed in forma pauperis.  Further, Mr. Parlin did not file a Complaint addressing his claims, though he did file a "Statement of the Case" in which he states that this matter is intended to be a civil action filed pursuant to 42 U.S.C. § 1983.  Mr. Parlin also has a habeas corpus matter pending before this Court, in which he has filed a letter indicating that he intended for this filing to be a separate matter and requesting that the Clerk of the Court send to him a blank

    civil complaint form and a blank form application to proceed in forma pauperis.  (See 12-3129 (JAP), docket entry no. 4).

2. Thus, it appears that Plaintiff seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

3. Under the Act, a prisoner bringing a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  Id.

4. Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  In each month that the amount

---

[1] Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

5. Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

6. If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

7. In this case, Plaintiff did not submit any documents in support of an *in forma pauperis* application as required by

     28 U.S.C. § 1915(a)(1), (2), nor did he prepay the $350.00 filing fee.  As noted above in paragraph 1, Plaintiff has requested from the Clerk of the Court a blank form application to proceed in forma pauperis.

8.    This Court expresses no opinion, at this time, as to whether this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) or otherwise.

     THEREFORE, it is on this **19th** day of **July**, **2012**;

    ORDERED that to the extent that Plaintiff seeks to proceed without prepayment of the filing fee, Plaintiff's application to proceed in forma pauperis is hereby DENIED, without prejudice; and it is further

    ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; and it is further

    ORDERED that the Clerk of the Court shall send Plaintiff a blank civil complaint form to be used by a prisoner and a blank form application to proceed in forma pauperis; and it is further

    ORDERED that if Plaintiff wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include his civil complaint and either (1) a complete, signed in

forma pauperis application, including a certified six-month prison account statement, or (2) the $350 filing fee; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case, and either a complete in forma pauperis application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.


    s/ Jerome B. Simandle
Jerome B. Simandle
Chief Judge
United States District Court